**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DIANE M. STACEY, | ) |
| | ) |
| Plaintiff, | ) Case No.: 2:19-cv-00274-GMN-NJK |
| vs. | ) |
| | ) **ORDER** |
| NATIONSTAR MORTGAGE, LLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Pending before the Court is the Motion to Dismiss, (ECF No. 5), filed by Defendants Nationstar Mortgage, LLC ("Nationstar") and U.S. Bank National Association ("U.S. Bank") (collectively "Defendants"). Plaintiff Diane M. Stacey ("Plaintiff") filed a Response, (ECF No. 9), and Defendants filed a Reply, (ECF No. 15). For the reasons discussed herein, Defendants' Motion to Dismiss is **GRANTED**.

**I.   BACKGROUND**

This quiet title action arises from Nationstar's institution of foreclosure proceedings on real property located at 2297 Feathertree Ave., Henderson, Nevada 89052 (the "Property"). (Compl. ¶ 8, Ex. A to Pet. for Removal, ECF No. 1-1). Plaintiff purchased the Property in 2005 by way of a loan from Stonecreek Funding Corporation ("Stonecreek"). (*Id.* ¶ 9). Stonecreek later sold the loan to Countrywide Mortgage, an entity which non-party Bank of America ("BANA") later purchased. (*Id.* ¶ 10).

Due to financial distress, Plaintiff stopped making payments on her loan and contacted BANA to request a loan modification. (*Id.* ¶¶ 11–12). Over the next few years, BANA repeatedly refused any modification and allegedly changed its explanation for its refusal multiple times. (*Id.* ¶¶ 13–14). In 2013, Specialized Loan Servicing, LLC ("SLS") became

servicer of the loan in BANA's place. (*Id.* ¶ 15). Defendant Nationstar took over the loan servicing from SLS in 2014, after which Plaintiff initiated correspondence with Nationstar concerning her sought-after loan modification. (*Id.* ¶¶ 16–17). Plaintiff alleges that Nationstar, like BANA previously, consistently rebuffed Plaintiff's pleas for a modification and offered contradictory explanations for those rejections. (*Id.* ¶ 18).

On December 19, 2017, Nationstar moved forward with foreclosure proceedings, recording a notice of default and election to sell. (*Id.* ¶ 20). Plaintiff subsequently filed a state-court petition to mediate the dispute pursuant to Nevada's Foreclosure Mediation Program ("FMP"). (*See* Pet. for Foreclosure Mediation, *Stacey v. U.S. Bank Nat'l Ass'n*, No. A-18-768548-FM (Nev. 8th Jud. Dist. Ct. Jan. 29, 2018), Ex. I to Defs.' Mot. to Dismiss ("MTD"), ECF No. 5-9).[1] Following an unsuccessful mediation, the state court ordered the issuance of an FMP Certificate, authorizing continuation of the foreclosure. (*See* FMP Certificate, Ex. N to MTD, ECF No. 5-14). In the wake of the court's order, Defendants proceeded with foreclosure by recording a notice of sale and setting a sale date for January 22, 2019. (Compl. ¶ 21).

Plaintiff filed this action in state court on January 11, 2019, bringing claims arising from Defendants' alleged unwillingness to negotiate a loan modification and subsequent institution of foreclosure proceedings. Plaintiff asserts two causes of action for quiet title and breach of the implied covenant of good faith and fair dealing. (*Id.* ¶¶ 22–32). Shortly after Plaintiff filed her Complaint, Defendants removed this matter from state court and filed the instant Motion to Dismiss. (*See* Pet. for Removal, ECF No. 1); (MTD, ECF No. 5).

## II. **LEGAL STANDARD**

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

---

[1] As discussed below, the Court takes judicial notice of the public filings in the parties' prior state-court litigation. *See infra* Section III.A.

555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"Generally, a district court may not consider any material beyond the pleadings in a ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). "However, material which is properly submitted as part of the complaint may be considered." *Id.* Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in a Ruling on a Rule 12(b)(6) motion to dismiss. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). On a motion to dismiss, a court may also take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

### III. DISCUSSION

Defendants seek dismissal of Plaintiff's quiet title claim on the basis that it is barred by issue or claim preclusion. (MTD 6:8–10:19, ECF No. 5). Defendants also contend the quiet title claim fails as a matter of law in light of Plaintiff's concession that she defaulted on her loan. (*Id.* 10:24–12:21). Finally, Defendants argue that Plaintiff's bad-faith claim must be

dismissed for Plaintiff's failure to allege a contract between the parties or other facts identifying wrongdoing on Defendants' part. (*Id.* 14:13–15:2).

The Court first turns to Defendants' request for judicial notice, followed by discussion of issue preclusion.

**A. Judicial Notice**

Defendants request that the Court take judicial notice of exhibits attached to its Motion, including publicly recorded documents as well as filings associated with the parties' state-court proceedings. (*Id.* 4:24–28). Plaintiff urges the Court to disregard Defendants' exhibits on the basis that they run afoul of the Federal Rules of Evidence. (Pl.'s Resp. to MTD ("Resp.") 5:5–18, ECF No. 9). According to Plaintiff, because the exhibits are uncertified copies of public documents, they cannot be authenticated and otherwise violate the rule against hearsay. (*Id.* 5:13–18).

The exhibits Defendants put forth—documents recorded by the Clark County Recorder's Office, filings from Plaintiff's foreclosure mediation action, and a court order from Nevada state court—are all amenable to judicial notice. *See* Fed R. Evid. 901(b)(7)(A) (providing that evidence in the form of public documents "recorded or filed in a public office as authorized by law" are self-authenticating); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). Furthermore, because these documents are offered as "legally operative verbal conduct that determined the rights and duties of the parties," they do not implicate the rule against hearsay. *See United States v. Boulware*, 384 F.3d 794, 806–07 (9th Cir. 2004) (holding a "state court judgment was admissible . . . as a document that affected an interest in property."). Finally, because Defendants raise issue and claim preclusion in this case, judicial notice is appropriate to evaluate whether the prior state-court litigation bars Plaintiff from pursuing her quiet title claim. *See, e.g.*, *Reyn's*, 442 F.3d at 746 n.6; *Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002).

Accordingly, the Court grants Defendants' request for judicial notice and will consider the exhibits attached to its Motion. *See Allen v. Wilmington Tr., N.A.*, No. 3:17-cv-00154-LRH-WGC, 2017 WL 3496481, at *3 (D. Nev. Aug. 15, 2017) (taking judicial notice of Foreclosure Mediation Program documents and rejecting authentication and hearsay objections), *aff'd*, 735 F. App'x 422 (9th Cir. Aug. 22, 2018); *Wasiak v. Cal-W. Reconveyance Corp.*, No. 2:11-cv-01190-GMN-PAL, 2012 WL 1068733, at *2 (D. Nev. Mar. 29, 2012).

**B. Issue Preclusion**

Under Nevada law, issue preclusion applies if: (1) the issue in the two proceedings is identical; (2) the prior decision was a final ruling on the merits; (3) the party against whom the judgment is asserted was a party or in privity with a party to the prior litigation; and (4) the issue was actually and necessarily litigated. *Five Star Capital Corp. v. Ruby*, 194 P.3d 709, 713 (Nev. 2008). Issue preclusion serves "to prevent relitigation of only a specific issue that was decided in a previous suit between the parties, even if the second suit is based on different causes of action and different circumstances." *Id.* at 713–14 (citing *LaForge v. State, Univ. & Cmty. Coll. Sys. of Nevada*, 997 P.2d 130, 134 (Nev. 2000)).

Here, issue preclusion applies and defeats Plaintiff's theory underpinning its quiet title claim. Plaintiff's quiet title claim is premised upon allegations that "none of the Defendants actually possess a valid and enforceable promissory note," and consequently, Defendants "are not entitled to enforce the Note or the Deed of Trust." (*See* Compl. ¶¶ 23–25). This precise issue was decided in state court following the parties' mediation. The state court concluded that "U.S. Bank is entitled to enforce the missing Note as if it were in possession of the original," and that "U.S. Bank may enforce the Deed of Trust and each of the assignments thereto . . . and may rely on the certified copies of the recorded documents in doing so." (*See* Order 2:24–3:4, *Stacey v. U.S. Bank Nat'l Ass'n*, No. A-18-768548-FM (Nev. 8th Jud. Dist. Ct. Sept. 11, 2018), Ex. K to MTD, ECF No. 5-11).

The Court further finds that U.S. Bank's entitlement to enforce the note and deed of trust was actually and necessarily litigated. "When an issue is properly raised . . . and is submitted for determination, . . . the issue is actually litigated." *Alcantara ex rel. Alcantara v. Wal-Mart Stores, Inc.*, 321 P.3d 912, 918 (Nev. 2014) (citation omitted). Whether an issue was "necessarily litigated turns on whether "'the common issue was . . . *necessary to the judgment in the earlier suit*.'" *Id.* (quoting *Univ. of Nevada v. Tarkanian*, 879 P.2d 1180, 1191 (Nev. 1994)).

The state-court docket reflects that the issue was actually litigated as U.S. Bank's motion was fully briefed, inclusive of Plaintiff's opposition, and the court held a hearing on the matter prior to issuing its written decision. Additionally, because the state court's ruling was prompted by U.S. Bank's motion to enforce missing documents, U.S. Bank's authority with respect to the note and deed of trust—the central issue addressed in that case—was necessarily litigated. *See Allen*, 735 F. App'x at 422; *Wood v. Germann*, 331 P.3d 859, 860 n.3 (Nev. 2014) (noting that the scope of the FMP judicial review process, including the document-production requirement, serves to "ensure that the party seeking to enforce the homeowner's promissory note and to proceed with foreclosure is actually authorized to do so.").

Further, the state-court judgment was final and on the merits. Nevada's Foreclosure Mediation Rules provide litigants a ten-day window to seek appellate judicial review, which Plaintiff did not seek. *See* FMR 20(2). Consequently, an FMP Certificate issued on November 11, 2018, and was recorded on November 26, 2018, authorizing Defendants to proceed with the foreclosure process. (*See* FMP Certificate, No. 2018-11-15-0004, Ex. N to MTD, ECF No. 5-14). Thus, Plaintiff's quiet title claim, insofar as it is premised upon Defendant's lack of authority to foreclose, is barred by issue preclusion.[2]

---

[2] Because the Court concludes that issue preclusion applies, the Court need not reach Defendants' claim-preclusion arguments.

To the extent Plaintiff advances other theories with respect to her quiet title claim, the Court finds the claim nevertheless fails as a matter of law on alternative grounds. "A plea to quiet title does not require any particular elements, but 'each party must plead and prove his or her own claim to the property in question' and a 'plaintiff's right to relief therefore depends on superiority of title.'" *Chapman v. Deutsche Bank Nat'l Tr. Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (quoting *Yokeno v. Mafnas*, 973 F.2d 803, 808 (9th Cir.1992)). "Courts within this district have repeatedly held that a plaintiff who has not discharged the debt owed on the mortgage cannot quiet title." *Williams v. Nat'l Default Servicing Corp.*, No. 2:16-cv-1860-GMN-NJK, 2017 WL 114080, at *5 (D. Nev. Jan. 10, 2017), *aff'd*, 708 F. App'x 376 (9th Cir. Dec. 26, 2017).

Plaintiff does not dispute that she defaulted on her loan. Indeed, Plaintiff expressly alleges she "stopped making payments during the financial crisis because of financial difficulties." (*See* Compl. ¶ 11); (*see also* Order 2:8–9, *Stacey v. U.S. Bank Nat'l Ass'n*, No. A-18-768548-FM, Ex. K to MTD) ("[T]he debt evidenced by the Note has not been repaid."). The absence of dispute over Plaintiff's default is fatal to her quiet title claim. *See, e.g.*, *Van Damme v. JP Morgan Chase Bank, Inc. N.A.*, No. 2:15-cv-1951-GMN-PAL, 2018 WL 1512599, at *3 (D. Nev. Mar. 26, 2018) (dismissing quiet title claim where the complaint "read as a whole does not contain even the barest hint of a dispute over whether Plaintiff was in default."); *Wensley v. First Nat. Bank of Nevada*, 874 F. Supp. 2d 957, 966 (D. Nev. 2012) ("Plaintiff has failed to allege that she is not in breach of the loan agreement."). Accordingly, in light of the foregoing, the Court dismisses Plaintiff's quiet title claim.

**C. Breach of the Implied Covenant of Good Faith and Fair Dealing**

Breach of the implied covenant of good faith and fair dealing requires a showing that: (1) plaintiff and defendant were parties to an agreement; (2) defendant owed a duty of good faith to the plaintiff; (3) defendant breached that duty by performing in a manner that was

unfaithful to the purpose of the contract; and (4) plaintiff's justified expectations were denied. *Perry v. Jordan*, 900 P.2d 335, 338 (Nev. 1995) (per curiam). In Nevada, an implied covenant of good faith and fair dealing exists in every commercial contract, *Consol. Generator-Nevada, Inc. v. Cummins Engine Co., Inc.*, 971 P.2d 1251, 1256 (Nev. 1998), and a plaintiff may assert a claim for its breach "[w]here the terms of a contract are literally complied with but one party to the contract deliberately [contravenes] the intention and spirit of the contract." *Hilton Hotels Corp. v. Butch Lewis Prods., Inc.*, 808 P.2d 919, 922–923 (Nev. 1991).

As an initial matter, to the extent Plaintiff's claim is premised upon Defendants' authority to institute foreclosure proceedings—as Plaintiff argues in her Response—this theory of liability is barred by issue preclusion. Insofar as this claim arises from Nationstar's unwillingness to modify her loan, it is too conclusory to survive dismissal. While Plaintiff alleges Defendants owed her a duty to perform their contractual obligations "in a manner that would not frustrate the purpose of the contract," Plaintiff does not correspondingly identify the purpose behind the contract or how her justified expectations were denied. (*See* Compl. ¶ 29). Nor does Plaintiff address these points in her opposition. (*See* Resp. 9:13–10:5). Without more factual development, the Court cannot infer that Defendants' conduct contravened the spirit of the parties' alleged contract. The Court therefore dismisses the claim without prejudice.

**D. Leave to Amend**

Rule 15(a)(2) of the Federal Rules of Civil Procedure permits courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has "repeatedly held that 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

Plaintiff may be able to plead more allegations to cure the deficiencies with respect to her claim for breach of the implied covenant of good faith and fair dealing. Should Plaintiff be able to do so, Plaintiff may file an amended complaint with regard to that cause of action. As to the quiet title claim, the Court finds amendment would be futile. As discussed, Plaintiff's theory underlying this cause of action is barred by issue preclusion and cannot be remedied with new allegations. Accordingly, the quiet title claim is dismissed with prejudice.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, (ECF No. 5), is **GRANTED**. Plaintiff's quiet title claim is **DISMISSED with prejudice**. Plaintiff's claim for breach of the implied covenant of good faith and fair dealing is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff will be permitted to file an amendment complaint with respect to her claim for breach of the implied covenant of good faith and fair dealing. Should Plaintiff elect to file an amended complaint, Plaintiff shall do so within twenty-one (21) days of this Order's issuance. Failure to do so will result in the Court dismissing this case with prejudice.

**DATED** this __5__ day of June, 2019.

_____
Gloria M. Navarro, Chief Judge
United States District Judge